UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERGENT TECHS, LLC,<br><br>                                   Petitioner,<br><br>v.<br><br>TRANSATLANTIC LINES, LLC,<br><br>                                   Respondent. | Case No.: 16-CV-1140 JLS (JLB)<br><br>**ORDER: (1) ORDERING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED UNDER THE FIRST-TO-FILE RULE, AND**<br>**(2) GRANTING IN PART PETITIONER'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME**<br><br>(ECF No. 6.) |

Presently before the Court is Petitioner Amergent Techs, LLC's *Ex Parte* Application to Extend Filing Deadline for Motion to Compel Arbitration. (*Ex Parte* App., ECF No. 6.)  Also pending before the Court is Petitioner's Petition to Compel Arbitration. (Petition, ECF No. 1.)

On June 7, 2016, the Court ordered Petitioner either to file a motion to compel arbitration or a notice of hearing by July 7, 2016. (*See* ECF No. 4 at 1–2.)  In its *Ex Parte* Application, Petitioner requests an extension of sixty days on the grounds that "a pending related case pending between the same parties in the U.S. District Court, Southern District of New York," *TransAtlantic Lines LLC v. Amergent Techs, LLC*, No. 1:16-cv-03549-AT

(S.D.N.Y.), "has the potential to obviate the need for this court to rule on a motion to compel Transatlantic to arbitrate." (*Ex Parte* App. 1–2, ECF No. 6.) Petitioner notes that "[i]f arbitration in New York is compelled by the New York action, petitioner will dismiss this case." (ECF No. 5 at 3.)

It is undisputed that this action was filed on the same day that Respondent TransAtlantic Lines, LLC filed a petition to compel arbitration in the United States District Court for the Southern District of New York. (*See Ex Parte* App. 1, ECF No. 6; *see also* ECF No. 5 at 2.) It appears from the parties' filings that the New York action may have been filed before this action. (*See, e.g.*, ECF No. 5 at 2.) Principles of comity and sound judicial administration permit a court to decline jurisdiction over an action when a case involving the same parties and issues has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) (citing *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979); *Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd.*, 422 F.2d 1187, 1193 (7th Cir. 1970)).

The Court therefore **ORDERS PETITIONER TO SHOW CAUSE**, within <u>fourteen (14) days</u> from the date on which this Order is electronically docketed, why this Court should not decline jurisdiction under the first-to-file rule and dismiss this action. *See, e.g.*, Order to Show Cause, *24 Hour Fitness USA, Inc. v. Frei*, No. C11-6008RSM (W.D. Wash. Apr. 30, 2012), ECF No. 13. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Petitioner's *Ex Parte* Application (ECF No. 6) and **HEREBY STAYS** Petitioner's obligation to file a motion to compel arbitration or notice a hearing pursuant to the Court's June 7, 2016 Order pending resolution of this Court's jurisdiction.

**IT IS SO ORDERED.**

Dated: July 5, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge